UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ALICIA DANTIN JERNIGAN ET AL.**          **CIVIL ACTION**

**VERSUS**          **No. 15-1171**

**DUNE ENERGY, INC. ET AL.**          **SECTION I**

### ORDER AND REASONS

Before the Court is an opposed motion[1] jointly filed by plaintiffs and defendant/third–party plaintiff, Island Operating Company, Inc. ("Island Operating"), to continue the submission date on defendant/third–party defendant, Certain Underwriters at Lloyds of London's ("Underwriters"), motions[2] to dismiss the claims against them or to compel arbitration of those claims. Underwriters' motions to dismiss are currently set for submission on Wednesday, January 6, 2016. Plaintiffs and Island Operating request that those motions be reset for submission on February 3, 2016.

Briefs in opposition[3] to the motions to dismiss have already been filed, as have replies[4] to those oppositions. The motions to dismiss are ripe for submission. Underwriters, who did not oppose the two previous continuances of the submission dates requested by Island Operating[5] and granted by this Court,[6] now oppose[7] any further delay regarding the consideration of their motions

---

[1] R. Doc. No. 49.

[2] R. Doc. Nos. 20, 22. The joint motion to continue the submission date only refers to one motion to dismiss, but Underwriters actually have two motions to dismiss that come under submission on January 6, 2016. Also set for submission on that date is Island Operating's motion to stay consideration of its third–party claims against Underwriters. As there is no reason that these three related motions should not be decided by the Court at the same time, the Court construes the joint motion as requesting a new, corresponding submission date on all three motions.

[3] R. Doc. Nos. 38, 42.

[4] R. Doc. Nos. 54, 55.

[5] R. Doc. Nos. 26, 40.

[6] R. Doc. Nos. 27, 47.

[7] R. Doc. No. 56.

to dismiss. For the following reasons, the Court agrees with Underwriters that further delay is unnecessary and that the joint motion should be denied.

The joint motion seeks a continuance to February 3, 2016 in order that two other decisions—one by this Court and one by the bankruptcy court—can be rendered prior to the Court's resolution of the motions to dismiss and the motion to stay. First, Island Operating's request to file a second amended cross claim and third–party complaint is set for submission before U.S. Magistrate Judge Roby on January 6, 2016.[8] Island Operating requests that it be permitted to amend its complaint in order to clarify that it is asserting "a *Parfait* tender claim for reimbursement of the settlement amount paid by Island Operating to the original Complainants."[9] Second, the joint motion seeks a continuance because "the Texas bankruptcy court overseeing the bankruptcy proceeding . . . has scheduled a hearing for January 25, 2016 with regard to the joint movants' motion to lift the Bankruptcy stay" currently in place as to Dune Energy, Inc. ("Dune").[10]

Neither of these upcoming decisions clearly warrants delay in submission of Underwriters' motions to dismiss and Island Operating's motion to stay. As the joint movants recognize, this litigation presents Island Operating with two "separate and distinct avenues for seeking reimbursement [from Underwriters] for the settlement amount [Island Operating] paid."[11] The first potential avenue of recovery is via a judgment against Dune, the second avenue is via the "additional insured" claim against Underwriters. The bankruptcy court's order regarding the stay and this Court's decision regarding Island Operating's attempt to amend its complaint affect only the first avenue. The forthcoming orders will not have any effect on the additional insured claims

---

[8] R. Doc. No. 34.
[9] R. Doc. No. 49, at 1.
[10] R. Doc. No. 49, at 2.
[11] R. Doc. No. 49-1, at 2.

against Underwriters or on Underwriters' defenses to those claims, which are the subject of the motions to dismiss. While plaintiffs and Island Operating may prefer a particular order of resolution of their claims in this case, they are not entitled to have their claims resolved in such a manner. Accordingly,

**IT IS ORDERED** that the joint motion to reset the submission date on Underwriters' motions to dismiss and Island Operating's motion to stay is **DENIED**. The two motions to dismiss and the motion to stay consideration of those motions will come under submission on Wednesday, January 6, 2015.

New Orleans, Louisiana, January 5, 2016.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

3